**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JAMES WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| ASIL, LLC d/b/a WINDOW WORLD OF FORT ) | |
| WAYNE, 5WIDE ENTERPRISES, LLC, ) | |
| CHRISTOPHER REEDY and ) | |
| SUNNY MAMASUN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now James Wright, by his undersigned counsel, and for his Complaint, alleges and says as follows:

## INTRODUCTION

1. The Plaintiff, James Wright ("Wright"), asserts that the Defendants have failed to pay Wright for hours worked and failed to pay Wright for overtime hours worked in violation of the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206(a)(1), and 207(a)(1).

## PARTIES

2. Wright, is a lawful resident of Allen County, Indiana.

3. The Defendant, ASIL, LLC, d/b/a Window World of Fort Wayne ("WW"), is a corporation located in Allen County, Indiana, which conducts business at 2224 Contractors Way, Fort Wayne, Indiana 46818.

4. The Defendant, 5Wide Enterprises, LLC ("5Wide"), is a corporation located in Allen County, Indiana which conducts business at 1226 Wood Moor Dr., Fort Wayne, IN 46804.

5. The Defendant, Christopher Reedy ("Reedy"), is an individual resident of Allen County, Indiana and is an owner and president of 5Wide.

6. The Defendant, Sunny Mamasun ("Mamasun"), is an individual resident of Allen County, Indiana and is an owner of 5Wide.

7. At all times relevant to this Complaint, Wright was a non-exempt employee for purposes of the Fair Labor Standards Act ("FLSA").

8. At all times relevant to this Complaint, WW and 5Wide were joint employers and employers for the purposes of the FLSA.

9. At all times relevant to this Complaint, Reedy and Mamasun had supervisory authority over Wright and were responsible in whole, or in part, for the violations of law giving rise to this complaint. Reedy and Mamasun acted directly in the interests of Window World and 5Wide in relation to Wright's employment.

10. At all times relevant to this Complaint, Wright was employed by the Defendants collectively.

## JURISDICTION

11. This cause represents a federal question over which this Court has jurisdiction pursuant to 28 USC § 1331.

12. Venue is appropriate in this Court pursuant to 28 USC § 1391, as the Defendants reside in and are citizens of this judicial district and a majority of the events or omissions giving rise to the claim occurred in this judicial district.

13. At all times relevant to this complaint, each of the Defendants was an "employer"

of Wright, and Wright was an "employee" of the Defendants as those terms are defined by 29 U.S.C. §203(d) and (e).

14.     At all times during Wright's employment with the Defendants, the Defendants were directly engaged in interstate commerce.

15.     Each of the Defendants are subject to the FLSA, 29 U.S.C. §201 *et seq.*

## **FACTS**

16.     Wright responded to an advertisement on Facebook seeking employees to work for the Defendants, installing windows, and promising a large amount of earning potential.

17.     On Monday February 12, 2018, Wright interviewed with Reedy, Mamasun and a WW supervisor.  Wright was told that WW sub-contracted with 5Wide, which was owned by Reedy and Mamasun.  However, WW maintained management over 5Wide and actively participated in the daily operations of both businesses.

18.     Wright was offered the position at $8.00 per hour, plus $8.00 commission for each window that he installed.  Wright was told that, with the commission, his wages should average between $10.50 to $15.00 per hour. Wright believed that he was employed by both companies; even his work shirts said Window World.

19.     Wright's first day of work was February 14, 2018.  He worked twelve hours.   On February 16, 2018, Wright received $120.00 cash for his work on February 14, 2018.   At that time, Wright was told by WW management that he would not be receiving commission as previously promised, but instead was being paid $10.00 per hour for his twelve hours of work.

20.     The Defendants' pay period was from Friday through Thursday, pay day on Friday.  The following week Wright worked approximately thirty-three hours.  On Friday,

February 23, 2018, Wright was given $100.00 cash for his previous week's work. Wright was upset and asked Reedy and Mamasun why his pay was so low. They replied that he was only getting paid $8.00 per window, which still did not add up. When Wright pushed as to why he was not receiving what he had been promised, Reedy and Mamasun stated that they couldn't afford to pay him more. Reedy and Mamasun then explained to Wright that he didn't really work for WW. Instead, he worked for 5Wide.

21. The week of June 23, 2018, Wright worked approximately 44.5 hours. He was paid by a check for the first time in the amount of $174.58.

22. The week of March 2, 2018, Wright worked approximately 74 hours. Wright again received a check, this time in the amount of $230.50.

23. Wright and other employees were required to come into work on Mondays to load and unload materials for the upcoming work week with no pay. They had to be to work at 7:00 a.m. where they would load specific trucks for the day's work and then drive in the company trucks to the worksite, which was often over an hour away. Wright and his co-workers were told by Reedy and Mamasun that they did not have to be paid for these work hours, because they were only paid per window they installed.

24. This same pattern continued through Friday April 20, 2018. A few weeks prior, Wright had started to research whether the Defendants' pay practices were lawful. He determined that they were not. On Friday April 20, 2018, Wright picked up his insufficient pay check. Reedy and Mamasun were not in the office. Wright called Mamasun and left her a voicemail stating that he believed he should be paid fairly for all hours worked. Mamasun called Wright and told him that $8.00 per window was all they could afford and that she didn't think

4

that this job was right for him. Defendants retaliated against Wright and terminated him for complaining about not being paid minimum wage and overtime pay in violation of the FLSA.

## LEGAL CLAIMS

**A.     Overtime**

25.     Wright reasserts the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth here.

26.     Wright was a non-exempt employee of Defendants who was entitled to an overtime premium for any hours worked over forty (40) in any given work-week pursuant to the FLSA.

27.     During the period of his employment, Wright regularly worked in excess of forty (40) hours each week, but Defendants did not compensate him for his overtime work.

28.     The Defendants' unlawful conduct was willful.

29.     The Defendants' conduct violated 29 U.S.C. §207(a)(1).

30.     Wright has suffered injury due to the Defendants' conduct in the form of lost wages.

**B.     Minimum Wage**

31.     Wright reasserts the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth here.

32.     Wright was a non-exempt employee of Defendants who was entitled to minimum wage pay for any hours worked up to forty (40) in any given work-week pursuant to the FLSA.

33.     During the period of his employment, Wright was not paid minimum wage by the Defendants for hours worked up to forty (40) hours.

34.     The Defendants' unlawful conduct was willful.

35. The Defendants' conduct violated 29 U.S.C. §206(a).

36. Wright has suffered injury due to the Defendants' conduct in the form of lost wages.

**C.     Retaliation**

37. Wright reasserts the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth here.

38. Defendants retaliated against Wright for complaining about their non-payment of wages, when they terminated him in violation of the FLSA.

39. The Defendants' unlawful conduct was willful.

40. The Defendants' conduct violated 29 U.S.C. §218c (a).

41. Wright has suffered injury due to the Defendants' conduct in the form of lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands that this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

42. Reimbursement of Wright's unpaid wages, unpaid overtime, and other economic damages, for a period of three (3) years from the date of this Compliant in an amount to be determined at trial, plus interest at the statutory rate;

43. Liquated damages for all unpaid wages and unpaid overtime under the FLSA;

44. All other economic damages shown to be causally related to the Defendants' conduct.

45. Prejudgment interest.

46. Costs and attorney fees and other costs related to this action pursuant to 29 U.S.C. §216(b);

47. That the Defendants be held jointly and severally liable for all damages awarded to Wright; and

48. All other relief available to him at law or in equity.

## REQUEST FOR JURY TRIAL

The Plaintiff, James Wright, requests that this matter be tried to a jury.

Respectfully Submitted:

/s/ Rachel J. Guin
Rachel J. Guin, #31722-02
EILBACHER LETCHER, LLP
803 South Calhoun Street, 4th Floor
Fort Wayne, Indiana 46802
Telephone:  (260) 425-9777
Facsimile:  (260) 424-9177
guin@eflawyers.com
Attorney for Plaintiff